IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MICHAEL McLAUGHLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:11-CV-176-BL |
| | § | ECF |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed September 6, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for disability, disability insurance benefits, and supplementary security income under Titles II and XIV of the Social Security Act. Plaintiff filed a brief in support of his complaint on March 29, 2012 (Doc. 17). Defendant filed a brief on April 25, 2012 (Doc. 21). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on September 6, 2011 (Doc. 6), and November 28, 2011 (Doc. 9). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

### I. STATEMENT OF THE CASE

Plaintiff protectively filed applications for disability insurance and supplemental security income benefits on August 1, 2009, alleging disability beginning June 10, 2009. Tr. 22. Plaintiff's

application was denied initially and upon reconsideration. Plaintiff filed a Request for Hearing by Administrative Law Judge on April 9, 2009, and this case came for hearing before the Administrative Law Judge ("ALJ") on June 15, 2010. Tr. 26. Plaintiff, represented by an attorney, testified in his own behalf. Tr. 47-57, 58-83. A vocational expert ("VE"), appeared and provided expert testimony. 57, 84- The ALJ issued a decision unfavorable to Plaintiff on October 30, 2009. Tr. 7-16.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. The ALJ noted that Plaintiff had acquired sufficient quarters of coverage to remain insured through December 31, 2013. Tr. 22, 24. He found that Plaintiff had not engaged in substantial gainful activity at any time since June 10, 2009. Tr. 24. The ALJ found that Plaintiff has "severe" impairments, including general degenerative disc disease at L4-5, atrial fibrillation, and hyperthyroid. Tr. 24. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 25. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 25. The ALJ noted Plaintiff's allegations regarding his symptoms and limitation in the initial claim level, at the reconsideration level, at the pre-hearing level, and his testimony at the hearing. *Id.* The ALJ discussed Plaintiff's reports of his activities of daily living. *Id.*

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments, the symptoms experienced therein, and the intensity, persistence, and limiting effects of such symptoms were not entirely credible, as demonstrated by possible exaggerated response and questionable effort during the consultative examination. Tr. 29. The ALJ found that Plaintiff could not return to any past relevant work. Tr. 29. He noted that Plaintiff was "individual closely approaching advanced age," with a limited education and the ability to speak English. Tr. 29-30. The ALJ found that transferability of job skills was not material to the determination of disability and applied the Medical-Vocational Rules as a framework to direct a finding of "not disabled." Tr. 30.

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical exertional requirements of the full range of light work. Tr. 30. The ALJ relied upon the testimony of the vocational expert, who indicated that a person of the Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform work which exists in the national economy, such as information clerk, recreation aid, and toll collector. *Id.* The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 31.

Plaintiff submitted a Request for Review of Hearing Decision/Order on August 3, 2010. Tr. 17-18. The Appeals Council denied Plaintiff's request and issued its opinion on May 24, 2011, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 5-10. The ALJ's decision, therefore, became the final decision of the Commissioner.

On September 6, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy. Tr. 31.

### III. DISCUSSION

Plaintiff claims that the ALJ's decision and determination that Plaintiff retained the RFC to perform a full range of light work is not supported by substantial evidence. Plaintiff specifically argues that the ALJ substituted his own opinion and gave little weight to the medical opinions as to the limitations imposed by Plaintiff's impairments.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

### A. Whether the ALJ erred in finding that Plaintiff retained the RFC for a full range of work at the light exertional level

Plaintiff argues that the ALJ erred by failing to give appropriate weight to the opinion of his treating physician, who indicated that he was permanently disabled. Plaintiff notes that the ALJ did not accept Dr. Dufor's finding of postural limitations and argues that the ALJ's RFC determination was thus not supported by substantial evidence in the record.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). On the other hand, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton v. Apfel,* 209 F.3d 448, 456 (5th Cir. 2000).

Unless the Commissioner gives a treating source's opinion controlling weight, the Commissioner will consider six factors in deciding the weight to give to any medical opinion. 20 C.F.R. § 404.1527(d). The Fifth Circuit held in *Newton* that "an ALJ is required to consider each of the [six] factors before declining to give any weight to the opinions of the claimant's treating specialist." 209 F.3d at 456. Pursuant to Soc. Sec. Ruling 96-2p (July 2, 1996) ("SSR 96-2p"), and 20 CFR §§ 404.1527(a) and 416.927(a), "medical opinions" are opinions about the nature and severity of an individual's impairment(s) and are the only opinions that may be entitled to controlling weight. The requirement that the ALJ discuss the six factors set forth in *Newton* and 20 C.F.R. § 404.1527(d) applies only to medical opinions and does not apply to conclusory statements that a claimant is disabled. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). The opinion of a treating source is generally given more weight than a non-examining source. 20 C.F.R. § 404.1527(d)(1).

Good cause to disregard the opinions of a treating physician is found where such opinions "are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). SSR 96-2p provides that a medical source statement from a treating source which is well upported by medically acceptable evidence and which is not inconsistent with other substantial evidence in the record is entitled to controlling weight. *See* SSR 96-2p. This ruling further explains:

> It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.

*Id.* The ALJ may also reject a treating physician's opinion if he finds, with support in the record, that the physician is not credible and is "leaning over backwards to support the application for

disability benefits." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (citing *Whitney v. Schweiker*, 695 F.2d 784, 789 (7th Cir. 1982)).

Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has the sole responsibility for determining a claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. Tex. 1995) (internal citations and quotation omitted). "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*

Plaintiff points to the statement or opinion of his treating physician, Dr. Woodward, indicating that he was permanently disabled or unable to work. To the extent that Dr. Woodward opined that Plaintiff could not work, such determinations were entitled to no special significance. "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Frank*, 326 F.3d at 620. The ALJ indicated in his opinion, however, that he had considered Dr. Woodward's statement, and the degree to which such statement was consistent with the medical evidence of record. This statement was not a "medical opinion," however, being a determination reserved to the Commissioner. The record does not demonstrate that the ALJ substituted his own opinion for a medical opinion by Plaintiff's treating physician.

The ALJ indicated that he had considered and given substantial weight to the opinion of Dr. Durfor, a reviewing medical source. Tr. 28. Plaintiff correctly notes that the ALJ did not accept Dr. Durfor's opinion as to postural limitations imposed by Plaintiff's impairment. *Id.* Dr. Durfor completed a physical residual functional capacity assessment form reviewing evidence of record. Tr. 276-282. The ALJ accepted Dr. Durfor's opinion that Plaintiff retained the RFC for light work. The ALJ did not accept Dr. Durfor's opinion that Plaintiff should never balance and could only occasionally climb, stoop, kneel, crouch, or crawl. Tr. 277.

In his opinion, the ALJ discussed Plaintiff's reports of his activities of daily living, such as driving, visiting his girlfriend's mother who lived nearby, grocery shopping, occasionally eating out, walking up and down the driveway, using the computer, and watching television. Tr. 26. The ALJ noted Dr. Lindsey's report of possible exaggeration of response and questionable effort by Plaintiff during the consultative examination. Tr. 27. Dr. Durfor did indicate that the alleged limitations caused by Plaintiff's symptoms were not fully supported by the evidence. Tr. 280.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). The ALJ's credibility determination is supported by substantial evidence

in the record. The ALJ identified substantial evidence to support his credibility finding, his RFC determination, and his rejections of the postural limitations indicated by Dr. Darfur, including Plaintiff's own testimony and the findings of Dr. Lindsey. "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*

The court finds that the ALJ did not err in rejecting the nonmedical opinion of Plaintiff's treating physician, Dr. Woodward, as to disability and did not err by rejecting the postural limitations indicated by Dr. Darfur. The ALJ's RFC finding is supported by his credibility determination, Plaintiff's own reports of his activities, and the relevant portions of opinions of Dr. Darfur and Dr. Lindsey. The ALJ did not err in finding that Plaintiff was therefore not disabled, and his opinion is supported by substantial evidence.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed September 6, 2011(Doc. 2), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED.**

DATED this 15th day of January, 2013.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**